UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| STANLEY L. RUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-539-DFH-VSS |
| | ) | |
| CRAIG HANKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Cross Motions for Summary Judgment
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the plaintiff's motion for summary judgment must be **denied** and the defendants' motion for summary judgment must be **granted.**

**I.  Background**

Stanley Ruth ("Ruth") is a prisoner confined at the Wabash Valley Correctional Facility. He alleges that the defendants have violated his First, Eighth and Fourteenth Amendment rights by not allowing his nephews to visit him in prison. He also alleges that his rights pursuant to Article 1, section 18 of the Indiana Constitution have been violated. The defendants remaining in this action are Superintendent Craig Hanks; former Department of Correction ("DOC") Commissioner Evelyn Ridley-Turner; Director of Classification Tricia May; and L. A. VanNatta of DOC Adult Operations. Ruth sues the defendants in both their official and individual capacities. Ruth seeks injunctive relief, a declaratory judgment, and compensatory and punitive damages.

Ruth and the defendants seek resolution of Ruth's claims through the entry of summary judgment. Such a disposition is warranted pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure* "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dept. of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248).

## II. Discussion

Ruth alleges that the defendants have denied him the opportunity to have his nephews visit him in prison. On at least one occasion, Ruth's nephews came to visit him and they were not allowed to see him. Pursuant to DOC Executive Directive ("ED") #02-01, Ruth has been denied such visitation because he has prior convictions of the crimes of rape and criminal deviate conduct. Ruth's request for an exemption from the restrictions imposed pursuant to ED #02-01 was denied because certain criteria of the policy were not satisfied.

### A.   Res Judicata

The defendants first assert that Ruth's claims are barred by the doctrine of *res judicata* because of the ruling in an earlier state court class action, *Jane Doe et al. v. Evelyn Ridley-Turner*, No. 49D12-0109-CP-001450. Under the principle of *res judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The Marion County Superior Court class action challenging ED #02-01 sought injunctive and declaratory relief. The plaintiff class was certified pursuant to Rule 23(B)(2) of the *Indiana Rules of Trial Procedure* and was defined as follows:

> All prisoners currently, or who will in the future be, confined in institutions maintained by the Indiana Department of Correction or otherwise subject to the executive directive which prohibits prisoners from visiting with minor children if they have a current or past adjudication/conviction of a sex offense involving a minor.

Judge Moberly ruled on July 23, 2004, that ED #02-01 was constitutional, and the request to permanently enjoin the policy was denied.

When class actions are brought under Rule 23(B)(2), seeking declaratory and injunctive relief, notice to absent class members is not required. Rule 23(C), Indiana Trial Rules. No evidence has been presented indicating that any type of notice was given to the class, or specifically Ruth, in the Marion County case.

Although generally speaking, the *res judicata* doctrine does apply to a final judgment in a class action case and binds the entire certified class, there is an exception for Rule 23(b)(2) cases, where notice has not been given. Rule 23(b)(2) actions "are primarily designed for injunctive and declaratory relief and, when employed in this fashion, do not require notice nor an opportunity to opt out of the class. However, when monetary damages are sought in a (b)(2) class action, due process does require notice before the individual monetary claims of absent class members may be barred." *Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987) (internal quotation omitted). *See also Crowder v. Lash*, 687 F.2d 996, 1009 (7th Cir. 1982) (prisoner's claim for damages not barred by earlier class action suit in which only declaratory and injunctive relief were sought). Here, Ruth seeks damages in addition to injunctive relief.  Moreover, the State class action suit was brought against the Commissioner in her official capacity, and Ruth's claims for damages are necessarily

2

brought against the defendants in their individual capacities. *Id.* at 1008 (in holding that prisoner's damages claims were not barred by *res judicata* by an earlier class action suit seeking only declaratory and injunctive relief, Seventh Circuit noted that there would be a lack of common questions of fact as to individual damage claims). Because only injunctive and declaratory relief was sought in the class action in state court, and because there is no evidence of notice to the class members, Ruth's claim for monetary damages is not barred by *res judicata*. The court must proceed to the merits of Ruth's claims.

### B.     Federal Constitutional Claims

The policy at issue, ED #02-01, was adopted by Commissioner Ridley-Turner in 2002. The policy outlines the criteria for visitation with minors for offenders convicted or adjudicated of sexual offenses against minors. Ruth is a convicted sex offender and his visitation with minors is affected by ED #02-01. Pursuant to the policy, if it is determined that an offender has been convicted of a sex offense involving a minor, his records are marked with a "VMR" (Visitor-Minor Restriction) flag. If an offender is a VMR and requests that minors be allowed to visit, staff are to review the offender's records to determine if he may be eligible for visitation with minors. When Ruth sought an exemption of the restriction on his visitation, it was denied because two criteria were not satisfied:

> B.     The intended visitor must be documented in the offender's packet as an immediate family member (i.e., the offender's child(ren), including adopted and step children; siblings; and/or grandchildren) and must *not have been a victim of the offender*.
>
> C.     The offender has not been adjudicated/convicted of any other sex offense and there is no documentation, in the offender's records, indicating the offender has/had *multiple victims.*

Ruth does not dispute that he was convicted of a crime which triggers the applicability of the policy. He also does not dispute or present any evidence as to the victims or circumstances of the crime of which he was convicted. He alleges that he had been allowed visitation with minor family members without incident from the date of his incarceration until approximately February of 2002, when the policy became effective. He argues that the policy has not been approved by the legislature and therefore, the implementation of the policy was unlawful pursuant to the First, Eighth and Fourteenth Amendments to the Constitution. He argues that offenders convicted of child molestation should not be treated differently than those convicted of other crimes. He further argues that the Commissioner should not be allowed to, in essence, add to his sentence by restricting his visitation. The court construes Ruth's claims as a challenge to the constitutionality of the ED #02-01 policy, and not as a claim that the policy was arbitrarily applied to him.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to consider are whether the regulation has a valid, rational connection to a legitimate governmental interest; whether alternative means remain open to inmates to exercise the asserted right; what impact an accommodation of the right would

3

have on guards, inmates and the allocation of prison resources; and whether there are ready alternatives to the regulation. *Id.* at 89-90.

The Supreme Court has weighed in on whether a State's restrictions on visitation of prisoners violates the First and Fourteenth Amendments. *Overton v. Bazzetta*, 539 U.S. 126 (2003). In *Overton*, prisoners challenged revised regulations promulgated by the Michigan Department of Correction prohibiting, among other things, visitation by (a) any minor nieces and nephews, (b) any minors who are not children, stepchildren, grandchildren, or siblings of the inmate, and (c) any child as to whom parental rights of the inmate had been terminated. Noting that prisoners must surrender many of the liberties and privileges enjoyed by other citizens, the Court stated that "freedom of association is among the rights least compatible with incarceration." *Id.* at 131. The Court concluded that the restrictions on visitation by children bore a rational relation to the Department of Correction's valid interests in promoting internal security and protecting child visitors from exposure to sexual or other misconduct or from accidental injury. *Id.* at 133. Although *Overton* was not specifically focused on victims of molestation or other sex crimes, the Court considered the factors set forth in *Turner* and approved the restriction on visitation by all nephews and nieces because of concerns with the disruption caused by children at prisons, the promotion of internal prison security, and the protection of children from harm. *Id.* In the narrower restriction on visitation at issue in this case, the same rationale applies with even greater force. "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.'" *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (quoting *Hewitt v. Helms,* 459 U.S. 460, 468 (1983)). As a matter of law, the visitation restrictions imposed pursuant to ED #02-01 do not violate Ruth's First or Fourteenth Amendment rights.

Moreover, limitations on visitation with minor children do not deprive inmates of basic necessities of life or fail to protect their health or safety as contemplated by the protections of the Eighth Amendment. *See Overton* 539 U.S. at 137 (a two year ban on all visitation except by attorneys and clergy for inmates who committed multiple substance-abuse offenses did not violate the Eighth Amendment). "If the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations." *Id.* Here, Ruth has not been denied all visitation. Rather, the restriction is imposed on children because of his personal criminal history.

### C.   State Constitution Claim

Ruth asserts that the visitation policy violates Article 1, Section 18 of the Indiana Constitution, which states that the Indiana "penal code shall be founded on the principles of reformation, and not of vindictive justice." This claim is meritless. The Indiana Supreme Court has held that "particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code *as a whole* and does not protect fact-specific challenges." *Ratliff v. Cohn*, 693 N.E.2d 530, 542 (Ind. 1998) (emphasis in original). As suggested from this passage, the persuasive authority on this point is that there is no cause of action for damages under the Indiana Constitution. See *Boczar v. Kingen,* No. IP 99-0141-C T/G, 2000 WL 1137713, at *24-25 (S.D.Ind. March 9, 2000). Therefore, the defendants are entitled to summary judgment as to Ruth's state law claim.

### III.  Conclusion

The court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton,* 539 U.S. at 132. The burden "is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Id.*  Here, Ruth has not disproven the validity of ED #02-01. The defendants are entitled to summary judgment as a matter of law. The plaintiff's motion for summary judgment is denied. Judgment consistent with this Entry and with the Entry issued on April 14, 2004, shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date:     8/30/2005